*FILED*

*William Odessa Brown II*
NAME
*K-93463*
PRISON NUMBER

*Calipatria State Prison  POBox 5004*
CURRENT ADDRESS OR PLACE OF CONFINEMENT

*Calipatria, CA 92233-5004*
CITY, STATE, ZIP CODE

*Petitioner, In Pro Per*

JAN 3 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CW
530

# UNITED STATES DISTRICT COURT

## ~~SOUTHERN~~ DISTRICT OF CALIFORNIA
*Northern*

E-filing

CW

*William Odessa Brown II*
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

*L. E. Scribner*,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

*Edmund G. Brown Jr.*,
The Attorney General of the State of
California, Additional Respondent.

Civil No. **08      0750**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

(PR)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   *Superior Court, Santa Cruz  CA*

2. Date of judgment of conviction: *20 April 1998*

3. Trial court case number of the judgment of conviction being challenged: _____
   *~~S7~~ S7-09413*

4. Length of sentence: *13 years*

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: _20 April 1998, between Aug 2008 and June 2010._

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _192(a) Voluntary Manslaughter, 245(a)(1) Assault with Force and 667.5(b) PC._

7. What was your plea? (CHECK ONE)

    (a) Not guilty          ☐
    (b) Guilty              ☐
    (c) Nolo contendere     ☑

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury        ☐
    (b) Judge only  ☐

9. Did you testify at the trial?
    ☐ Yes  ☐ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: _Denied / Affirmed in full_
    (b) Date of result (if known): _4-19-1999_
    (c) Case number and citation (if known): _H018548_
    (d) Names of Judges participating in case (if known) _Justice Cottle, Christopher G. Author; Justice 2&3 Premo, Eugene M. + Elia, Franklin D. (Concur)_
    (e) Grounds raised on direct appeal: _Cannot recall_
    _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following: _N/A_

    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
    _____

    (d) Grounds raised: _____
    _____
    _____
    _____

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ *N/A* _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

    ☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): *57-09413*

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: *That the Petitioner was sesiten re to the maximu or upper term without an tril by Jury. (See Attached*

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes ☒ No

    (e) Result: _____

    (f) Date of result (if known): *20 Jun 2007*

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

    ☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): _H031715_

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known) _Mihara Acting P.J.,_ _McAdams J. participated_

    (d) Grounds raised: _Same as #15_

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (f) Result: _Denied_

    (g) Date of result (if known): _9 Jul 2007_

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): _S154458_

    (b) Nature of proceeding: _____

    (c) Grounds raised: _Same as #15_

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes ☒ No

    (e) Result: _Denied_

    (f) Date of result (if known): _3 Jan 2008_

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

*N/A This does not apply its the same issue or grounds*

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No      (IF "YES" SKIP TO #22)
  (a)  If no, in what federal court was the prior action filed? _____
  (i)  What was the prior case number? _____
  (ii)  Was the prior action (CHECK ONE):
    ☐ Denied on the merits?
    ☐ Dismissed for procedural reasons?
  (iii)  Date of decision: _____
  (b)  Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☐ No
  (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: *That the trial Court sentenced the Defendant to the upper term without an trial. The DSL states that only the statutory-max can be given.*

Supporting FACTS: *Cunningham v. California, Apprendi v. New Jeersey, and Blakely v. Washington.*

Did you raise <u>GROUND ONE</u> in the <u>California Supreme Court</u>?

☑ Yes ☐ No.

If yes, answer the following: *See Attached Exh. D pg 123-125*

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

**(b) GROUND TWO:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)   Case number or citation: _____

    (3)   Result (attach a copy of the court's opinion or order if available): _____

(c) **GROUND THREE:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)   Case number or citation: _____

    (3)   Result (attach a copy of the court's opinion or order if available): _____

**(d)    GROUND FOUR:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)    Case number or citation: _____

(3)    Result (attach a copy of the court's opinion or order if available): _____

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

CIV 68 (Rev. Jan. 2006)

cv

**26.** Were you sentenced on more than one count of an indictment, or on more than one
indictment, in the same court and at the same time?
☐ Yes  ☐ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the
judgment under attack?
☐ Yes  ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____

(b) Give date and length of the future sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which
imposed the sentence to be served in the future?
☐ Yes  ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed
in this district, the parties may waive their right to proceed before a district judge and consent to
magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such
jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment.
The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier
resolution of this matter. If you request that a district judge be designated to decide dispositive
matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear
and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case,
including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate       **OR**       ☑ Plaintiff requests that a district judge
judge jurisdiction as set forth                           be designated to decide dispositive
above.                                                              matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_23 Jan 2004_ _____

(DATE)                                     SIGNATURE OF PETITIONER

William Brown K93463
PO Box 5004
Calipatria CA 92233
Petitioner In Pro Per

United States District Court
Northern District California

In re:                                    Case No.

    WILLIAM ODESSA BROWN II,
                                          PETITION FOR WRIT OF HABEAS
        Plaintiff,                        CORPUS.

ON HABEAS CORPUS.

_____/

                        INTRODUCTION

    Petitioner was sentenced to multiple terms under the DSL. Court

Rules adopted to implement the DSL define circumstances in aggravation

as facts that justify the upper term. Based on the sentencing judges

findings petitioner was sentenced to an aggravated term, which is the

upper term according to the scope of the DSL sentencing guidelines.

    The DSL, by placing sentence-elevating factfinding within the judge's

province, violates a defendant's right to trial by jury safeguarded by

the Sixth and Fourteenth Amendments.

///

///

///

///

1

<u>STATEMENT OF FACTS</u>

2

3          Petitioner was sentence to (13) thirteen years in state prison for

4  the following offenses; PC § 192(a) Voluntary Manslaughter, PC § 245(a)(1)

5  Assault With Force; and PC § 667.5(1) Prison Prior Enhancement. (Ex. A)

6  Petitioner was sentenced to  a total term of thirteen years for the listed

7  offenses.

8

9                              <u>CONTENTIONS</u>

10                                  I.

11          Petitioner was denied his due process rights under Cunningham v.

12  California (2007). Petitioner has been exposed to a sentence in excess

13  of the relevant statutory maximum must be found by a jury, not a judge,

14  and established beyond a reasonable doubt, not merely by preponderance

15  of evidence. See 530 U.S. 446, 490. Apprendi v. New Jersey.

16                                  II.

17          There were no facts presented found by the judge, therefore

18  petitioner could not receive a sentence above the standard range, which

19  would be the mid-term according to the DSL, and not the upper term. By

20  applying Apprendi, the court held that this type of application to be

21  unconstitutional.

22                                  III.

23          Petitioner could not have been sentenced above the standard range

24  absent an additional fact. Consequently, that fact is subject to the Sixth

25  Amendment jury trial guarantee. It does not matter that the petitioner's

26  sentence, through outside the standard, was within the maximum.

27  ///

28  ///

1    The judge could not have imposed a sentence outside the standard range

2    without finding an additional fact, the mid-term should have been the

3    relevant statutory maximum.

4                                    IV.

5        In all material respects, California's DSL resembles the sentencing

6    systems invalidated in Blakely and Booker. Following the reasoning in

7    those cases, the middle term prescribed under California law, not the

8    upper term, is the relevant statutory maximum. Because aggravating facts

9    that authorize the upper term are found by the judge, and need only be

10   established by preponderance of evidence, the DSL violates the rule of

11   Apprendi. The DSL requires statutory sentence enhancements (as distinguished

12   from aggravators) to be charged in the indictment and proved to a jury

13   beyond a reasonable doubt.

14                                   V.

15       The DSL, however, does not resemble the advisory system the Court

16   in Booker had viewed. Under California's system, judges are not free to

17   exercise their discretion to select a specific sentence within a defined

18   range. Ibid. California's Legislature has adopted sentencing triads, three

19   fixed sentences with no range between them. Petitioner's sentencing judge

20   had no discretion to select a sentence within the lower or upper terms,

21   but had to impose the mid-term, nothing less and nothing more, unles the

22   judge found facts allowing a sentence of the lowest or highest term in

23   years. Factfinding to elevate a sentence from the lowest to the highest

24   term in years, the Cunningham Court's decisions make plain and simple,

25   falls within the province of the jury employing a beyond-a-reasonable-

26   doubt standard, not a bailiwick of the judge determining the preponderance

27   of evidence lies.

28   ///

<u>PETITIONERS PRAYER FOR RELIEF</u>

Petitioner is without remedy saved by Writ of Habeas Corpus.

WHEREFORE, petitioner prays the Court:


a). issue writ of habeas corpus;

b) declare right of petitioner;

c) resentence petitioner accordingly;

d) appoint counsel and award attorney fee's; and

e) grant any other further relief the Court deems necessary and appropriate.

DATED: 23 Jan 2008

Respectfully submitted,

William O. Brown II

1  WILLIAM ODESSA BROWN II, K-93463
   CTF/HWY 101, P.O. BOX 705
2  Soledad, CA 93960-0705

3  Plaintiff, In Pro Se

4                IN THE SUPERIOR COURT OF CALIFORNIA

5              IN AND FOR THE COUNTY OF SANTA CRUZ

6  WILLIAM ODESSA BROWN II,                Case No. S7-09413

7        Plaintiff,
                                      _PETITION FOR REDUCTION OF
8  vs.                                 RESTITUTION FINE/AMENDMENT
                                       OF ABSTRACT OF JUDGEMENT
9  PEOPLE OF CALIFORNIA,

10       Defendants.

11  _____/

12

13      TO THE HONORABLE SUPERIOR COURT JUDGE:

14      PLEASE TAKE NOTICE that the Plaintiff, William O. Brown now comes

15  before the court, to petition this court as authorized under the California

16  Rules of the Court, § 104, § 105(C), § 132(B)(C), to redress the above

17  entitled matter for which this court has jurisdiction to amend judgement

18  set forth in the above matter.

19      Petitioner was convicted of Voluntary Manslaughter on 14 April

20  1998, and was sentenced on the 20th of April 1998 to a term of 13 years.

21      Mr. Brown, was further ordered to pay a restitution fine in the

22  amount of Two Thousand Six Hundred Dollars, ($2,600.00) at the time he

23  was sentenced. However; this issue was not ceaised upon appeal based on

24  the fact that the Plaintiff's counsel failed to petition the court

25  concerning the "ability to pay" such a fine imposed by this court.

26  ///

27  ///

28  ///

Petitioner's counsel furthermore failed to motion the court for an "Ability To Pay" hearing for which the records will clearly establish the fact that Mr. Brown did not have the "ability to pay" such a fine placed upon him that has been imposed by this court.

Petitioner shall at this time, bring points and authorities to establish legal grounds for which entitle the Plaintiff for relief.

<u>POINTS AND AUTHORITY IN</u>

<u>SUPPORT OF THIS PETITION</u>

As of the effective date of 14 September 1992; Government Code §13967(A) was amended to read;

"If the person is convicted of one or more felony offenses, the court shall impose a seperate/additional restitutional fine of not less than ($200), <u>subject to defendants ability to pay,</u> and not more than ($1,000.00)" emphasis added.

The California Court of Appeals, Fifth District, In; People v. Saelee, (1995), 40 Cai.Rptr. 2d 790; 35 Cal.App. 4th 27. Found the Following:

1). Where the fine exceeds the statutory minimum, Gov. Sec. § 13967(A), as amended, requires a finding that that the defendant has the "ability to pay" the fine before it can be imposed.

2). If there is no evidence or information before the court supporting a finding of "Ability to Pay", the court has exceeded it's statutory power in posing a the fine.

3) In so far as the record shows, saelee had no exisiting assests from which he could satisfy any porion of the fine. Nor does it appear reasonably probrobale saelee will be able to pay the fine of that amount in the future. In light of low prison wages rates (See Cal. Code Regulations Title 15, 3040(A); Dept of Corr., Operations Manual, 51120-2.1, pp.51120-2) it is appearent that the possibility the pettioner be able to pay the court imposed fine will not be possible.

The fact court Saelee, after reviewing the records established the fact that there was no "ablity"to pay" hearing, the records in fact showed just the opposite. The probation report shows there was no assests at the time of sentencing nor the likily hood of obtaining assests in the future. Therefore; the court ordered the following findings:

1        The judgement is modified to reduce the amount of restitution fine
(Gov. Code 1396(A) from (10,000.00) to (200.00) dollars and the trial court
2    is directed to prepare an admended Abstract of Judegement reflecting this
modification and forward a copy to the approities. (At pp.793)
3

4                     SUMMARTY AND CONCLUSION

5        Petitioner, as in ̄Saelee, was not given an "Ability To Pay" Hearing,

6    and such he should have been protected from the increse in the minimum

7    as was the decision of the court of appeals, Fifth District In; PEOPLE

8    v SAELEE, (Supra), Based upon the records will clearly show that the

9    petitioner was entilted to the benifit of the "ability to pay" clause.

10    For wich the record does not support an "Ability To Pay" such a fine.

11        Therefore; it is belived that this court, as cited in; SAELEE, SUPRA,

12    "Excedded it's statuttory power" in imposing a restitution fine above

13    ($ 200.00) dollars.

14

15                     PRAYER FOR RELIEF

16    Petitioner is without remedy saved by Writ of Habeas Corpus.

17    WHEREFORE, petitioner prays that the Court:

18    1) issue a Writ of Habeas Corpus;

19    2) reduce the restitution fine to $ 200.00

20    3) Amend the Abstract of Judgement to reflect the reduction;

21    4) forward a copy of the amended Abstract of Judgement to the  De-
partment of Corrections and Rehabilitations
22

23    5) grant any other relief the court deems necessary and appropriate.

24    DATED: *16 April 2007*

25    *23 Jan 08*

26                  Respectfully submitted,

27    _____
William Brown II

28

Exhibit A

"Abstract of Judgement"

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
BRANCH SANTA CRUZ

COURT I.D. |4|4|4|6|0|

**PEOPLE OF THE STATE OF CALIFORNIA** versus
**DEFENDANT:** WILLIAM ODESSA BROWN
AKA:

XX PRESENT ☐ NOT PRESENT

CASE NUMBER (S)
S7-09413 -A
-B
-C
-D
-E

F I L E D

APR 21 1998

IRISTINE PATTON, CLK
*F. Silver*

**COMMITMENT TO STATE PRISON**
**ABSTRACT OF JUDGMENT**
**AMENDED ABSTRACT** ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 4/20/98 | 6 | MICHAEL E. BARTON | S. RUBALCAVA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| H. RAY | B. LEE | E. CONNER | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES) _____    SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | JURY | COURT TRIAL | PLEA | TERM (LIFE) | CONCURRENT | CONSECUTIVE TO VIOLENT | CONSECUTIVE FULL TERM | MIDTERM SUBORDINATE CC 668 (H.B.6) 1/3 NON VIOLENT | 654 STAY | YEARS MONTHS |
| 2 | PC | 192(a) | VOLUNTARY MANSLAUGHTER | 97 | 1 | 16 | 98 | | | X | U | | | | Principal | | | 11  0 |
| 6 | PC | 245(a)(1) | ASSAULT WITH FORCE | 97 | 1 | 16 | 98 | | | X | M | | X | | | | | 1  0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each er "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667.5(b)PC | 1 | | | | | | | | | 1  0 |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. OTHER ORDERS SEE MINUTE ORDER FOR RESTITUTION FINE/FEES.

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED on ALL ATTACHMENT PAGES (FORM DSL 290-A)

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements)

8. TOTAL TERM IMPOSED: 13  0

9. EXECUTION OF SENTENCE IMPOSED:

A. ☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E. ☐ OTHER _____

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 4/20/98 | CREDIT FOR TIME SPENT IN CUSTODY 296 | TOTAL DAYS | INCLUDING: | ACTUAL LOCAL TIME 258 | LOCAL CONDUCT CREDITS 38 | STATE INSTITUTIONS ☐ DMH   ☐ CDC |
|---|---|---|---|---|---|---|

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ CALIF INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☒ SAN QUENTIN
☐ OTHER (SPECIFY):

### CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE *F. Silver* | DATE 4/21/98 |
|---|---|

This form is prescribed under Penal Code § 1213.5t to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California Effective April 1, 1990

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**FORM DSL 290**

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

California Superior Court

Santa Cruz

"Denial"

Exhibit 13

F I L E D

JUN 2 0 2007

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

In re the Matter of:                          NO. S7-09413

WILLIAM ODESSA BROWN II,          ORDER DENYING PETITION FOR
                                                          WRIT OF HABEAS CORPUS

    Petitioner,

For Writ of Habeas Corpus.
_____ /

    A petition for writ of *habeas corpus* was filed April 20, 2007.  The petition requests relief

pursuant to *Cunningham v. California* (2007) ____ U.S. ____, 127 S.Ct. 856.  Petitioner was

sentenced in 1998.

    *Cunningham* has its roots in two prior Supreme Court cases, *Apprendi v. New Jersey*

(2000) 530 U.S. 296 and *Blakely v. Washington* (2004) 542 U.S. 296.  Both federal and

California courts have ruled that the holdings of those cases do not have retroactive

application. There is nothing in the holding or reasoning of the *Cunningham* case which

/ / /

/ / /

/ / /

causes this court to anticipate any different result. Accordingly, the *Cunningham* case does not have application to a sentencing which occurred in 1998.

The petition is denied.


DATED: _June 19, 2007_                    _____
                                          SAMUEL S. STEVENS
                                          Judge of the Superior Court

F I L E D

JUN 2 1 2007

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

In re the Matter of:                              NO. S7-09413

THE PEOPLE OF THE STATE OF          ORDER DENYING PETITION FOR
CALIFORNIA,                                         REDUCTION OF RESTITUTON FINE

    Plaintiff,

vs.

WILLIAM ODESSA BROWN II

    Defendant.

_____/

    A petition for reduction of restitution fine was filed on April 20, 2007. The petition

complains that a $2,600 fine was imposed at the time of sentencing without consideration of

petitioner's ability to pay.

    Penal Code §§ 1202.4(b)(1) and 1202.4(c) specifically approve of the imposition of the

fine assessed in a case such as this where the fine was calculated at $200 for each year

imposed without consideration of ability to pay.

/ / /

/ / /

-1-                                    106

1    The petition is denied.

2

3    DATED: _June 21, 2007_

4                                                    SAMUEL S. STEVENS
                                                     Judge of the Superior Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

107

MC-275

Name  William O. Brown II

Address  HWY 101, P.O. BOX 705

Soledad, CA 93960-0705

Correctional Training Facility

CDC or ID Number  K-93463

*Petitioners Copy*

FILED
SUPERIOR COURT
OF CALIFORNIA
OF SANTA CRUZ
2007 APR 20  PM 12:04
LISA MEYLING

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

(Court)

WILLIAM ODESSA BROWN II

Petitioner

vs.

THE STATE OF CALIFORNIA

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _57 - 09413_

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

*108*

This petition concerns:

| | |
|---|---|
| [xxx] A conviction | [ ] Parole |
| [XXX] A sentence | [ ] Credits |
| [ ] Jail or prison conditions | [ ] Prison discipline |
| [ ] Other *(specify):* _____ | |

1. Your name: ___ WILLIAM ODESSA BROWN II ___

2. Where are you incarcerated? CORRECTIONAL TRAINING FACILITY

3. Why are you in custody? [XXX] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   192 (a) Voluntary Manslaughter and 245(a)(1) assault with force

   b. Penal or other code sections:   192(a)&245(a)(1)

   c. Name and location of sentencing or committing court:  Santa Cruz, CA, Superior Court

   d. Case number:   S7-09413

   e. Date convicted or committed:  ~~4-20-98~~  8-6-97

   f. Date sentenced:  4-20-98

   g. Length of sentence:   13 years

   h. When do you expect to be released?   2009

   i. Were you represented by counsel in the trial court? [xxx] Yes.   [ ] No. If yes, state the attorney's name and address:

   Don Kelly, Public Defender's Office

   _____

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty   [ ] Guilty [xxx] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?   n/a

   [ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

see attached

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

see attached

In Teague, the Court held that "new rules of criminal procedure will not

be applicable to those cases which have become final before new rules are

announced," id at 310, 109 S. Ct., 1075 unless the new rule "places 'certian

kinds of primary, private individual conduct beyond the power of the criminal

law-making to proscribe, '"id., at 311, 109 S. Ct., at 1075. In short, the

Judge cannot give a sentence more than what the DSL proscribes or mandates.

In that case, according to the DSL that range can only be the statutory

maximum and that statutory maximum is six (6) years for a charge of Voluntary

Manslaughter, (PC 192 a).

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Cunningham v. California, Apprendi v. New Jeersey, Blakely v. Washington.

110

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   Sixth Appellate, San Jose

   b. Result ___Denied___    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

         (2) _____

         (3) _____

   f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

   Anthony Bole, Santa Cruz

9. Did you seek review in the California Supreme Court? ☐ Yes ☒ No. If yes, give the following information:

   a. Result _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

         (2) _____

         (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   there were no appellable issues, stated by atty.

   Furthermore, Cunningham decision had not been decided.

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   N/A

   b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

111

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.   ☒ No. If no, skip to number 15.

13. a.  (1) Name of court: _____

        (2) Nature of proceeding (for example, "habeas corpus petition"): _____

        (3) Issues raised: (a) _____

            (b) _____

        (4) Result (Attach order or explain why unavailable): _____

        (5) Date of decision: _____

    b.  (1) Name of court: _____

        (2) Nature of proceeding: _____

        (3) Issues raised: (a) _____

            (b) _____

        (4) Result (Attach order or explain why unavailable): _____

        (5) Date of decision: _____

    c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    Cunnigham case was not decided until 1/22/07.

    _____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

    _____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes. , ☒ No. If yes, explain:

    _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    N/A

    _____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 16 April 07                        ► _____
                                              (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]          PETITION FOR WRIT OF HABEAS CORPUS                    Page six of six

                                                    112

William O. Brown II, K-93463
CTF-N/Hwy 101, P.O. BOX 705
Soledad, CA 93960-0705

Petitioner, In Pro Per

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CRUZ

In re:                                    Case No. S7-09413

    WILLIAM ODESSA BROWN II,
                                          PETITION FOR WRIT OF HABEAS
    Plaintiff,                       CORPUS.

ON HABEAS CORPUS.

_____/

INTRODUCTION

    Petitioner was sentenced to multiple terms under the DSL. Court
Rules adopted to implement the DSL define circumstances in aggravation
as facts that justify the upper term. Based on the sentencing judges
findings petitioner was sentenced to an aggravated term, which is the
upper term according to the scope of the DSL sentencing guidelines.

    The DSL, by placing sentence-elevating factfinding within the judge's
province, violates a defendant's right to trial by jury safeguarded by
the Sixth and Fourteenth Amendments.

///

///

///

///

STATEMENT OF FACTS

Petitioner was sentence to (13) thirteen years in state prison for the following offenses; PC § 192(a) Voluntary Manslaughter, PC § 245(a)(1) Assault With Force; and PC § 667.5(1) Prison Prior Enhancement. (Ex. A) Petitioner was sentenced to a total term of thirteen years for the listed offenses.

CONTENTIONS

I.

Petitioner was denied his due process rights under Cunningham v. California (2007). Petitioner has been exposed to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by preponderance of evidence. See 530 U.S. 446, 490. Apprendi v. New Jersey.

II.

There were no facts presented found by the judge, therefore petitioner could not receive a sentence above the standard range, which would be the mid-term according to the DSL, and not the upper term. By applying Apprendi, the court held that this type of application to be unconstitutional.

III.

Petitioner could not have been sentenced above the standard range absent an additional fact. Consequently, that fact is subject to the Sixth Amendment jury trial guarantee. It does not matter that the petitioner's sentence, through outside the standard, was within the maximum.

///

///

114

1  The judge could not have imposed a sentence outside the standard range

2  without finding an additional fact, the mid-term should have been the

3  relevant statutory maximum.

4                                  IV.

5      In all material respects, California's DSL resembles the sentencing

6  systems invalidated in Blakely and Booker. Following the reasoning in

7  those cases, the middle term prescribed under California law, not the

8  upper term, is the relevant statutory maximum. Because aggravating facts

9  that authorize the upper term are found by the judge, and need only be

10 established by preponderance of evidence, the DSL violates the rule of

11 Apprendi. The DSL requires statutory sentence enhancements (as distinguished

12 from aggravators) to be charged in the indictment and proved to a jury

13 beyond a reasonable doubt.

14                                 V.

15     The DSL, however, does not resemble the advisory system the Court

16 in Booker had viewed. Under California's system, judges are not free to

17 exercise their discretion to select a specific sentence within a defined

18 range. Ibid. California's Legislature has adopted sentencing triads, three

19 fixed sentences with no range between them. Petitioner's sentencing judge

20 had no discretion to select a sentence within the lower or upper terms,

21 but had to impose the mid-term, nothing less and nothing more, unles the

22 judge found facts allowing a sentence of the lowest or highest term in

23 years. Factfinding to elevate a sentence from the lowest to the highest

24 term in years, the Cunningham Court's decisions make plain and simple,

25 falls within the province of the jury employing a beyond-a-reasonable-

26 doubt standard, not a bailiwick of the judge determining the preponderance

27 of evidence lies.

28 ///

115

PETITIONERS PRAYER FOR RELIEF

Petitioner is without remedy saved by Writ of Habeas Corpus.

WHEREFORE, petitioner prays the Court:


a). issue writ of habeas corpus;

b) declare right of petitioner;

c) resentence petitioner accordingly;

d) appoint counsel and award attorney fee's; and

e) grant any other further relief the Court deems necessary and

appropriate.

DATED: _16 April 2007_

                Respectfully submitted,


                William O. Brown II

116

1  WILLIAM ODESSA BROWN II, K-93463
   CTF/HWY 101, P.O. BOX 705
2  Soledad, CA 93960-0705

3  Plaintiff, In Pro Se

4              IN THE SUPERIOR COURT OF CALIFORNIA

5              IN AND FOR THE COUNTY OF SANTA CRUZ

6  WILLIAM ODESSA BROWN II,              Case No. S7-09413

7          Plaintiff,
                                          PETITION FOR REDUCTION OF
8  vs.                                    RESTITUTION FINE/AMENDMENT
                                          OF ABSTRACT OF JUDGEMENT
9  PEOPLE OF CALIFORNIA,

10         Defendants.

11 _____/

12

13    TO THE HONORABLE SUPERIOR COURT JUDGE:

14    PLEASE TAKE NOTICE that the Plaintiff, William O. Brown now comes

15 before the court, to petition this court as authorized under the California

16 Rules of the Court, § 104, § 105(C), § 132(B)(C), to redress the above

17 entitled matter for which this court has jurisdiction to amend judgement

18 set forth in the above matter.

19    Petitioner was convicted of Voluntary Manslaughter on 14 April

20 1998, and was sentenced on the 20th of April 1998 to a term of 13 years.

21    Mr. Brown, was further ordered to pay a restitution fine in the

22 amount of Two Thousand Six Hundred Dollars, ($2,600.00) at the time he

23 was sentenced. However; this issue was not reaised upon appeal based on

24 the fact that the Plaintiff's counsel failed to petition the court

25 concerning the "ability to pay" such a fine imposed by this court.

26 ///

27 ///

28 ///

*117*

1    Petitioner's counsel furthermore failed to motion the court for

2  an "Ability To Pay" hearing for which the records will clearly establish

3  the fact that Mr. Brown did not have the "ability to pay" such a fine

4  placed upon him that has been imposed by this court.

5    Petitioner shall at this time, bring points and authorities to

6  establish legal grounds for which entitle the Plaintiff for relief.

7    POINTS AND AUTHORITY IN

8    SUPPORT OF THIS PETITION

9    As of the effective date of 14 September 1992; Government Code

10  §13967(A) was amended to read;

11    "If the person is convicted of one or more felony offenses, the

12  court shall impose a seperate/additional restitutional fine of not less

13  than ($200), subject to defendants ability to pay, and not more than

14  ($1,000.00)" emphasis added.

15    The California Court of Appeals, Fifth District, In; People v.

16  Saelee, (1995), 40 Cai.Rptr. 2d 790; 35 Cal.App. 4th 27. Found the Following:

17

18    1). Where the fine exceeds the statutory minimum, Gov. Sec. §
     13967(A), as amended, requires a finding that that the defendant has the
19    "ability to pay" the fine before it can be imposed.

20    2). If there is no evidence or information before the court supporting
     a finding of "Ability to Pay", the court has exceeded it's statutory power
21    in posing a the fine.

22    3) In so far as the record shows, saelee had no exisiting assests
     from which he could satisfy any porion of the fine. Nor does it appear
23    reasonably probrobale saelee will be able to pay the fine of that amount
     in the future. In light of low prison wages rates (See Cal. Code Regulations
24    Title 15, 3040(A); Dept of Corr., Operations Manual, 51120-2.1, pp.51120-
     2) it is appearent that the possibility the pettioner be able to pay the
25    court imposed fine will not be possible.

26    The fact court Saelee, after reviewing the records established the
     fact that there was no "ablity"to pay" hearing, the records in fact
27    showed just the opposite. The probation report shows there was no assests
     at the time of sentencing nor the likily hood of obtaing assests in the
28    future. Therefore; the court ordered the following findings:

*118*

1    The judgement is modified to reduce the amount of restitution fine
2 (Gov. Code 1396(A) from (10,000.00) to (200.00) dollars and the trial court
   is directed to prepare an admended Abstract of Judegement reflecting this
3 modification and forward a copy to the approities. (At pp.793)

4                         SUMMARTY AND CONCLUSION

5    Petitioner, as in Saelee, was not given an "Ability To Pay" Hearing,

6 and such he should have been protected from the increse in the minimum

7 as was the decision of the court of appeals, Fifth District In; PEOPLE

8 v SAELEE, (Supra), Based upon the records will clearly show that the

9 petitioner was entilted to the benifit of the "ability to pay" clause.

10 For wich the record does not support an "Ability To Pay" such a fine.

11    Therefore; it is belived that this court, as cited in; SAELEE, SUPRA,

12 "Exceeded it's statuttory power" in imposing a restitution fine above

13 ($ 200.00) dollars.

14

15                         PRAYER FOR RELIEF

16 Petitioner is without remedy saved by Writ of Habeas Corpus.

17 WHEREFORE, petitioner prays that the Court:

18 1) issue a Writ of Habeas Corpus;

19 2) reduce the restitution fine to $ 200.00

20 3) Amend the Abstract of Judgement to reflect the reduction;

21 4) forward a copy of the amended Abstract of Judgement to the De-
      partment of Corrections and Rehabilitations
22

23 5) grant any other relief the court deems necessary and appropriate.

24 DATED: *16 April 2007*

25                         Respectfully submitted,

26

27                         William Brown II

28

*119*

California Court of Appeal

Sixth Appellate District

"Denial"

Exhibit C

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

FILED

JUL 9 - 2007

MICHAEL J. YERLY, Clerk

By _____
        DEPUTY

| In re WILLIAM ODESSA BROWN II, | H031715 |
|---|---|
| on Habeas Corpus. | (Santa Cruz County Super. Ct. No. S709413) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Mihara, Acting P.J., and McAdams, J., participated in this decision.)

Dated ___JUL 9 - 2007___    ___MIHARA, J.___ Acting P.J.

121

*Petitioner. Copy*

Name *William Brown*

Address *CTF Hwy 101 Po Box 705*

*Soledad CA 93960-0705*

*Correctional Training Facility*

CDC or ID Number *K93463*

*For The Court of Appeal*

*For The Sixth Appellate*

(Court)

MC-275

**FILED COPY**

JUN 28 2007

MICHAEL J. YERLY, Clerk

By

---

*William Brown*

Petitioner

vs.

*The State of California*

Respondent  *Warden Ben Curry*

**PETITION FOR WRIT OF HABEAS CORPUS**

No. **H031715**

(To be supplied by the Clerk of the Court)

**H031715**

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

122

California Supreme

Court Denial

Exhibit D

123

*Petitioners Copy*

Name _William O. Brown II_

Address _Hwy 101 Po Box 705_

_Soledad CA 93960-0705_

_Correctional Training Facility_

CDC or ID Number _K93463_

SUPREME COURT
**FILED**

MC-275

JUL 1 6 2007

Frederick K. Ohlrich Clerk

_____ Deputy

RECEIVED

JUL 1 6 2007

CLERK SUPREME COURT

_IN THE California Supreme Court_

_____
(Court)

| |
|---|
| _William Brown_ |
| Petitioner |
| vs. |
| _State of California_ |
| Respondent  _Warden Ben Curry_ |

PETITION FOR WRIT OF HABEAS CORPUS

No. **S154458**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page one of six

Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

_124_

S154458

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re WILLIAM ODESSA BROWN on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
**FILED**

JAN - **3** 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

*125*

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Wm Brown_ DECLARE UNDER THE PENALTY OF PERJURY
THAT: I AM THE _Plaintiff_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _23 Jan_ DAY OF _____, 2008 AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

(SIGNATURE) _Wm Brown_
(DECLARANT/PRISONER)

# PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Wm Brown_, AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM I AM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA 92233-5002

ON _23 Jan_, 2008 I SERVED THE FOREGOING:

_Writ of Habeas Corpus_

(SET FORTH EXACT TITLE OF DOCUMENTIS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

USDC. N. Dist CA              Dist Atty off
450 Golden Gate Ave          701 Ocean St
Son Fran CA 94102            Santa Cruz CA 95060

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _23 Jan 2008_, _____, _William Brown_
(DECLARANT/PRISONER)

Wm. Brown K. 97463 75242
PO Box 5004
Calipatria CA 92233

GENERATED FROM
CALIFORNIA STATE PRISON

USDC. N. Dist CA
450 Golden Gate Ave
S.F. CA 94102

RECEIVED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL ONLY